1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| JOSE SANCHEZ J., BOP #93767-198;<br>YOUNG YIL JO, BOP #01183-112,<br><br>                                    Plaintiffs,<br><br>        vs.<br><br>SIX UNKNOWN NAMES AGENTS;<br>BARACK OBAMA, Mr. President of the<br>United States,<br><br>                                    Defendants. | Civil No.    11-2895 JLS (WMc)<br><br>**ORDER DISMISSING CIVIL<br>ACTION WITHOUT PREJUDICE<br>FOR FAILING TO PAY<br>FILING FEE REQUIRED<br>BY 28 U.S.C. § 1914(a) AND/OR<br>FAILING TO MOVE TO PROCEED<br>*IN FORMA PAUPERIS*<br>PURSUANT TO<br>28 U.S.C. § 1915(a)** |

12
13
14
15
16
17
18

19   Plaintiffs, two inmates currently incarcerated at the Big Spring Correctional Center

20   located in Big Spring, Texas, and proceeding pro se, filed this action entitled "Under 42 U.S.C.

21   1983 Civil Right Action with the Writ of Summons and Complaint."   Neither Plaintiff has

22   prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; nor has

23   either filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

24   **I.     Failure to Pay Filing Fee or Request IFP Status**

25    All parties instituting any civil action, suit or proceeding in any district court of the

26   United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See*

27   28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only

28   if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.

1  § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,

2  169 F.3d 1176, 1177 (9th Cir. 1999).

3       Plaintiffs have not prepaid the $350 filing fee required to commence a civil action and

4  neither has submitted a Motion to Proceed IFP.  Therefore, the case must be dismissed pursuant

5  to 28 U.S.C. § 1914(a).  *Id.*

6  **II**.    **Conclusion and Order**

7       For the reasons set forth above, the Court hereby:

8       (1)    **DISMISSES** this action sua sponte without prejudice for failing to pay the $350

9  filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

10       (2)    **GRANTS** Plaintiffs **forty five (45)** days leave from the date this Order is filed to:

11  (a) prepay the entire $350 civil filing fee in full; *or* (b) **each** complete and file a Motion to

12  Proceed IFP which includes a certified copy of his trust account statement for the 6-month

13  period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR

14  3.2(b).[1]

15      **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiffs with

16  this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*

17  *Pauperis*."  If Plaintiffs fail to either prepay the $350 civil filing fee or complete and submit the

18  enclosed Motions to Proceed IFP within that time, this action shall remain dismissed without

19  prejudice and without further Order of the Court.

20  DATED:  December 21, 2011

21

22                          *Janis L. Sammartino*
                        Honorable Janis L. Sammartino
                        United States District Judge

23

24

---

25  [1] Plaintiffs are cautioned that if they choose to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, their Complaint,

26  which is comprised of a single paragraph of virtually incomprehensible legal jargon and seeks unspecified relief from the President of the United States, will be screened and no doubt dismissed as

27  frivolous pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b).  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but

28  requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).